United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 25-13313-SC |
| Wasim Chalati | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 1 |
| Date Rcvd: Mar 26, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol     Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 28, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Wasim Chalati, 30902 Clubhouse Dr, Unit 9J, Laguna Niguel, CA 92677-2372 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2026          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Debtor Wasim Chalati bhestonecf@gmail.com  benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Kirsten Martinez | on behalf of Creditor Toyota Motor Credit Corporation Kirsten.Martinez@bonialpc.com  Notices.Bonial@ecf.courtdrive.com |
| Thomas H Casey (TR) | msilva@tomcaseylaw.com  thc@trustesolutions.net |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Kirsten Martinez, SBN 310674**<br>**Bonial & Associates, P.C.**<br>**3160 Crow Canyon Place, Suite 215**<br>**San Ramon, California 94583**<br>**Telephone: (213) 863-6010**<br>**Fax: (213) 863-6065**<br>**Kirsten.Martinez@bonialpc.com**<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FILED & ENTERED<br><br>MAR 26 2026<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bolte DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION**

| In re:<br><br>**Wasim Chalati** | CASE NO.: 8:25-bk-13313-SC<br><br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(PERSONAL PROPERTY)** |
| | DATE: March 18, 2026<br>TIME: 10:00 a.m<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |
| Debtor(s). | |

**Movant: Toyota Motor Credit Corporation**

1. The Motion was: ☐ Opposed ☒ Unopposed ☐ Settled by stipulation

2. The Motion affects the following personal property (Property):

☒ Vehicle (*year, manufacturer, type and model*): 2016 TOYOTA MIRAI

*Vehicle identification number*: JTDBVRBD2GA000942
*Location of vehicle* (*if known*):

☐ Equipment (*manufacturer, type, and characteristics*):

*Serial number(s)*:
*Location* (*if known*):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ Other personal property (*type, identifying information, and location*):

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362 (d)(1)

   b. ☐ 11 U.S.C. § 362 (d)(2)

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☒ The 14-day stay provided by FRBP 4001(a)(4) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                   Page 2                   **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

Date: March 26, 2026

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.